**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEVRAJ PATEL,<br>Plaintiff,<br>v.<br>VMWARE, INC.,<br>Defendant. | Civil Action No. 1:22-CV-05731-ESK<br><br>CLERK'S ORDER GRANTING DEFENDANT'S MOTION TO TAX COSTS UNDER FED. R. CIV. P. 54(d)(1), LOCAL CIV. R. 54.1 & 28 U.S.C. § 1920 |

This is Defendant VMware, Inc.'s ("VMware") motion to tax costs incurred in defending this diversity of citizenship action under 28 U.S.C. § 1332(c)(1). Plaintiff Devraj Patel ("Patel"), a New Jersey resident, sued his employer, VMware, a Delaware corporation operating a principal place of business in California, for alleged wage violations under the New Jersey Wage Payment Law, N.J.S.A. § 34:11-56a, et. seq., as well as breach of contract and breach of the covenant of good faith and fair dealing. [Dkt. Entry #1]. More specifically, Patel, a client executive, claimed that VMware, an information technology company, failed to pay his full commission from a substantial sale and unilaterally changed the terms of his compensation agreement while he was closing the sale. [Dkt. Entry #1 & 73]. On cross-motions for summary judgment, the Court granted VMware's motion as to all counts and, consequently, denied Patel's motion. [Dkt. Entry #73 & 74]. This motion followed. Although Patel did not file an opposition, VMware amended its original motion after conferring with Patel's counsel to reduce this application by $1,801.20, deducting all costs of Realtime services for Patel's deposition. [Dkt. Entry # 79 & 80]. *See, e.g.*, *Purdue Pharma. Prods., L.P. v. Actavis Elizabeth LLC*, No. 12-5311, 2016 WL 3450809 at *6

(D.N.J. June 20, 2016) (noting that "it is the Clerk's practice to deny the costs of ASCII versions and real time, absent a showing of necessity . . . .") (citation omitted).

## I. Legal Standards

Federal Rule of Civil Procedure (54)(d)(1) allows a "prevailing party" to recover certain litigation costs incurred. *See* Local Civ. R. 54.1(a) (setting forth this District's specific requirements for the recovery of costs.). Section 1920 of Title 28 of the United States Code permits the Clerk of Court to reimburse the following costs:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained or use in the case;
(5) Docket fees under section 1923 of this title; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

If costs fall outside of the statutory limits, the Clerk should not "stretch" the plain statutory meaning to award them. *Rimini St., Inc., v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) ("A statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in [§ 1920], absent an explicit statutory instruction to that effect." (citation omitted)); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the costs items Congress authorized in § 1920."); Even though the prevailing party is afforded a favorable presumption on a costs application, the discretion to shift costs still is limited statutorily, and thus the costs to which a prevailing party is entitled under Rule 54 "often fall short of the part's actual litigation expenses." *In Re Paoli R.R. Yard PCB Litig.*, 221

F.3d 449, 458 (3d Cir. 2000). The Clerk's obligation, even on an unopposed motion, is to scrutinize all requested costs to ensure any award is within statutory bounds.

**II. Fees of the Clerk**

VMware seeks reimbursement of the $402.00 fee for filing a Notice of Removal with the Court on September 27, 2022. [Dkt. Entry #1]. When this action was removed, the filing fee for removal in this District was $402.00. This fee is an allowed taxable cost under 28 U.S.C. § 1920(1), and thus VMware is entitled to recovery in this amount.

**III. Fees for Deposition Transcripts**

VMware also requests fees for "printed or electronically recorded transcripts necessarily obtained for use in the case," specifically, deposition transcripts totaling $3,963.20: (1) Deposition Transcript for Plaintiff, Patel, in the amount of $2,540.85; and (2) Deposition Transcript for Bernadette Fakhrisaralan, a Senior Manager, Commission Finance Cloud for Broadcom, Inc., a witness with personal knowledge regarding management of sales compensation administration[1], in the amount of $1,422.35. *See* Dkt. Entry #68-3.

By federal statute, the costs of deposition transcripts are taxable only to the extent that the transcripts were "necessarily obtained for use in the case." § 1920(2). While Local Civil Rule 54.1(g)(7) provides that "`[i]n taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions used at the trial under Fed. R. Civ. P. 32 . . . ," the broader federal statute trumps the limited Local Rule. Thus, the Clerk applies the more liberal standard in § 1920(2). *See In re Baby Food Antitrust Litig.*, 166 F.3d 112, 138 (3d Cir. 1999) (applying the "necessarily obtained" standard of § 1920(2) in lieu of the "used at the trial"

[1] Fakhrisaralan is currently an employee of Broadcom, Inc., which acquired VMware on November 22, 2023. VMware then become known as VMware, LLC. [Dkt. Entry #68].

standard of Local Civil Rule 54.1(g)(7) and explaining that a local court rule in conflict with a federal rule must yield to the federal rule). Moreover, this District has generally accepted that costs may be taxable when the depositions "appear[ed] reasonably necessary to the parties in light of a particular situation existing at the times they were taken.'" *Mylan Inc., v. Smithkline Beecham Corp.,* No. 10-4809, 2015 WL 1931139 at *7 (D.N.J. April 28, 2015) (citations omitted).

VMware's request involves the deposition of Patel, a party to the action, whose testimony was "necessarily obtained for use in the case" and is cited to extensively in its summary judgment motion. Its request also includes the transcript of a key fact witness, Ms. Fakhrisaralan, whose knowledge and testimony regarding sales compensation administration, commissions, company goal sheets, and sales transactions the defense relied on heavily in preparing its motion. Though the defense does not cite to her deposition in its moving papers, VMware nevertheless submitted a comprehensive affidavit from Ms. Fakhrisaralan, which it referenced profusely throughout its Statement of Undisputed Material Facts. [Dkt. Entry #37-2 & 37-4.] The Clerk finds that the deposition transcript of Ms. Fakhrisaralan, a critical witness, is taxable because, at the very least, the defense likely believed, and logically so given her knowledge of relevant facts underlying Patel's claims, that her deposition appeared "reasonably necessary" when it was taken. Thus, the Clerk awards deposition transcript costs for both Patel and Fakhrisaralan in the full amount of $ 3,963.20.

**IV. Conclusion**

For all the reasons explained above, the Clerk grants VMware's motion. VMware is awarded $ 4,365.20.

Dated: August 12, 2026

By: s/Melissa E. Rhoads
Clerk of Court